Filed 12/26/23  P. v. Yeron CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREMY CLAUDIO YERON,<br><br>    Defendant and Appellant. | 2d Crim. No. B329758<br>(Super. Ct. No. 2011039774)<br>(Ventura County) |

Jeremy Claudio Yeron appeals the order of the trial court denying his petition for recall and resentencing.  (Pen. Code, §§ 1170, 1171, 1172; Assem. Bill No. 1540 (2021-2022 Reg. Sess.) (AB 1540).)[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed his own supplemental brief, in

---

1 All further statutory references are to the Penal Code.

propria persona.  Because the trial court had no jurisdiction to modify appellant's sentence, the order denying his petition was not an appealable order.  We dismiss the appeal.

*Procedural Background*

In 2014, pursuant to a plea agreement, appellant pleaded guilty to two counts of a violation of section 288, subdivision (a), lewd and lascivious acts on a minor under the age of 14 years (counts 1 and 4).  Appellant admitted the special allegations, including substantial sexual conduct (§ 1203.066, subd. (a)(8), counts 1 and 4), and lewd and lascivious acts against more than one victim (§ 667.61, subds. (b), (e)(4), count 1).

The trial court sentenced appellant to an indeterminate sentence of 15 years to life on count 1, with a consecutive determinate sentence of the low term of three years on count 4.

*Discussion*

Because the instant appeal is from an order denying postconviction relief rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  However, he is entitled to appellate consideration of any contentions raised in his supplemental brief.  (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

Citing AB 1540 and section 1172.75, appellant contends in his supplemental brief that the superior court violated his due process rights when it failed to conduct a hearing, appoint

counsel, or provide an opportunity for him to address the trial court regarding its decision. He also contends this court is "obligated to issue an order to show cause" to allow him to present evidence regarding disparity of sentences. These contentions are meritless.

Appellant was not entitled to a hearing or appointment of counsel because the trial court lacked jurisdiction to modify his sentence in the first instance. (*People v. Magana* (2021) 63 Cal.App.5th 1120, 1125-1126 (*Magana*).) As the trial court explained in its written order denying the petition, "[m]ore than 120 days have elapsed since the sentence was imposed and [appellant] is not one of the enumerated persons or entities authorized to initiate a petition for recall and resentencing." (See § 1172.1, subd. (a)(1).)

Appellant was also not entitled to relief pursuant to section 1172.75 because he was not convicted of any sentence enhancement pursuant to subdivision (b) of section 667.5. Moreover, section 1172.75 "'simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion.'" (*People v. Newell* (2023) 93 Cal.App.5th 265, 268, quoting *People v. Burgess* (2022) 86 Cal.App.5th 375, 384.)

Because the trial court did not have jurisdiction to modify appellant's sentence, its order denying the request for resentencing could not, and does not, affect his substantial rights and was not an appealable order. (See *Magana, supra*, 63 Cal.App.5th at pp. 1127-1128; *People v. Hodges* (2023) 92 Cal.App.5th 186, 190.)

3

*Disposition*

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, J.


We concur:


GILBERT, P. J.


CODY, J.


4

Catherine M. Voelker, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.